UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HEIDI SPECHT,<br><br>                     Plaintiff,<br><br>           v.<br><br>NORTHWEST HELICOPTERS LLC, ET AL.,<br><br>                     Defendants. | CASE NO. 3:21-cv-05730-JHC<br><br>ORDER |

I.

**INTRODUCTION**

This matter comes before the Court on two discovery-related motions: one filed by Plaintiff Heidi Specht, and the other filed by Defendants Northwest Helicopters LLC and Brian Reynolds. *See* Dkt. # 39 (Plaintiff's motion); Dkt. # 41 (Defendants' motion). Plaintiff's motion seeks a protective order and to quash a subpoena issued to her former employer. In the alternative, Plaintiff asks the Court to modify the subpoena. Defendants' motion seeks a protective order that prevents Plaintiff from pursuing discovery relating to other instances of alleged misconduct that may have occurred at Northwest Helicopters. Defendants seek to quash subpoenas to Ed Phillips and Randy Marston and seek to strike Plaintiff's Request for Production

ORDER - 1

Nos. 29, 31, and 32 in Plaintiff's Third Set of Interrogatories and Requests for Production. Dkt. # 41 at 1–2.

For the reasons below, the Court GRANTS in part and DENIES in part Plaintiff's motion (Dkt. # 39) and DENIES Defendants' motion (Dkt. # 41).

## II.

### DISCUSSION

A.  Legal Standard

Courts maintain broad discretion to control the discovery process. A party is entitled to discovery into matters "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). But a court may limit discovery to protect a party from annoyance, embarrassment, oppression, or undue burden. Fed. R. Civ. P. 26(c)(1). Similarly, a court may modify or quash a subpoena to a third-party that presents an undue burden. See Fed. R. Civ. P. 45(d)(3)(A). "Whether a subpoena imposes an undue burden depends on the relevance of the information requested, and the burden imposed." *Rollins v. Traylor Bros.*, No. C-14- 1414, 2017 WL 1756576, at *1 (W.D. Wash. May 5, 2017). "The test for 'relevance,' in the context of a Rule 45 subpoena to a non-party, is no different than the test under Rules 26 and 34." *Wells Fargo Bank NA v. Wyo Tech Inv. Grp. LLC*, 385 F. Supp. 3d 863, 873 (D. Ariz. 2019) (citations omitted).

B.  Plaintiff's Motion

Plaintiff moves for a protective order and for an order quashing a subpoena served on Plaintiff's former employer, McCaffery Nolte & Associates ("MNA"). *See* Dkt. # 39. In the alternative, Plaintiff seeks an order modifying the subpoena. The subpoena requests the following information:

ORDER - 2

> A. Produce all documents including, but not limited to, written correspondence, emails, text messages, chats, social media posts, and/or other writings by Heidi Specht, between you and Heidi Specht, or about Heidi Specht related to Heidi Specht's hire, attendance, performance, and/or termination.
>
> B. Produce any document relating to:
>
>> 1. Wages, tips, bonuses, commissions, payroll records, or other compensation or renumeration paid or owing to Heidi Specht by virtue of her employment for the relevant period.
>>
>> 2. Hours worked by Heidi Specht over the duration of her employment, including hours she worked each day.
>>
>> 3. Heidi Specht's personnel file, including, but not limited to, notes, reports, summaries, disciplinary notices, performance reviews, separation paperwork, or other writings related to Heidi Specht's employment with you.
>>
>> 4. This request does not include any documents from Heidi Specht's medical file, if any.
>
> C. Produce all documents including, but not limited to, all written correspondence, emails, or other writings by or between you and Washington State's Employment Security Department ("ESD") or similar agency related to Heidi Specht's termination and/or unemployment benefits.
>
> D. If not otherwise produced under the items above, produce all documents related to or referring to Heidi Specht's termination, Northwest Helicopters, Brian Reynolds, and/or Shawna Purcell.

Dkt. # 51 at 4.

Courts generally require a "specific showing" when a party seeks to discover personnel files maintained by past and future employers. *See Paananen v. Cellco Partnerships*, C08-1042 RSM, 2009 WL 2057048, at *3 (W.D. Wash. July 15, 2009) ("Generally, employment records from separate employers are not discoverable due to their highly private nature absent a specific showing by a defendant as to their relevance."); *Scott v. Multicare Health Sys.*, No. C18-0063-JCC, 2019 WL 1559211, at *2 (W.D. Wash. Apr. 10, 2019).

ORDER - 3

The parties mainly dispute the relevance of materials sought in sections A and B(3) of the subpoena, both of which concern employee records relating to Plaintiff's job performance, attendance, hiring, and termination. Plaintiff does not meaningfully dispute the relevance of the remaining sections of the subpoena—sections B(1)–(2), C and D. According to Plaintiff, these sections "arguably relate to mitigation, and most of which have already been produced in this litigation." Dkt. # 39 at 8. Plaintiff "concedes" that "mitigation damages . . . are relevant and discoverable." *Id.* at 10.

Defendants offer only one argument addressing the relevance of the challenged portions of the subpoena: that these employment records may shed light on the extent of Plaintiff's emotional distress following discharge from Northwest Helicopters. *See generally* Dkt. # 51 at 6–9. But in her reply brief, Plaintiff expressly states that any emotional distress that she suffered did not affect her subsequent work in any way. *See* Dkt. # 53 at 3 ("Plaintiff has made **no** allegation that she suffers from a specific emotional distress condition that impacts her ability to work or maintain employment" (emphasis in original)). Instead, "Plaintiff seeks garden variety emotional distress as a result of Defendants' illegal actions." *Id.*

Plaintiff has established good cause for a protective order restricting Defendants from seeking personnel records from MNA. Plaintiff maintains a privacy interest in her personnel records. *Cf. Scott*, 2019 WL 1559211, at *2. Because Defendants have failed to show the relevance of the requested discovery, Plaintiff's privacy interest outweighs Defendants' interest in disclosure; this is especially true when the subpoena broadly seeks all documents and/or communications relating to Plaintiff.

The Court recognizes that records from other employers may be relevant in many employment cases, like when a plaintiff alleges that past employer misconduct affects his or her ability to work, or when a defendant argues that the plaintiff repeatedly failed to perform his or

ORDER - 4

her job duties.  *See, e.g.*, *Abu v. Piramco Sea-Tac Inc.*, No. C08-1167RSL, 2009 WL 279036, at *1–3 (W.D. Wash. Feb. 5, 2009).  But given the sole rationale for discovery provided by Defendants (to seek information about alleged emotional distress) and Plaintiff's express statement that she is not seeking emotional damages stemming from impaired ability to work, Defendants have not made a "specific showing" that the discovery sought is relevant to the case.  *See Paananen*, 2009 WL 2057048, at *3.

But as noted above, Plaintiff concedes that documents relating to "mitigation damages" are discoverable, and that sections B(1)–(2), C and D of the subpoena "arguably relate to mitigation." Dkt. # 39 at 8, 10.  In light of this concession, the Court declines to quash the subpoena in its entirety  Instead, the Court grants Plaintiff's alternative request to modify the subpoena.  The subpoena is hereby modified to exclude sections A and B(3).

C.     Defendants' Motion

Plaintiff seeks discovery relating to other instances of alleged misconduct that may have occurred at Northwest Helicopters.  In particular, Plaintiff seeks information about alleged misconduct by another Northwest Helicopters employee, Ed Phillips.  Defendants move for a protective order, seek to quash subpoenas to Ed Phillips and Randy Marston (an investigator who evaluated reports of misconduct by Ed Phillips),[1] and seek to strike Plaintiff's Request for Production Nos. 29, 31, and 32 in Plaintiff's Third Set of Interrogatories and Requests for Production.  Dkt. # 41 at 1–2, 5.  Defendants argue that the discovery sought is not relevant because it does not directly involve Plaintiff, whose allegations focus on alleged misconduct by Defendant Reynolds, not Mr. Phillips.  *See generally id.*

---

[1] While Defendant's motion also seeks to quash a subpoena to Renee Hunsaker, Plaintiff states in her brief that she has already struck the subpoena to Renee Hunsaker.  Dkt. # 46 at 4 n.2.

ORDER - 5

But civil discovery is broad. *See Wards Cove Packing Co. v. Atonio*, 490 U.S. 642, 657 (1989) ("[L]iberal civil discovery rules give plaintiffs broad access to employers' records in an effort to document their claims."). And Plaintiff has adequately demonstrated the relevance of the discovery sought. While the discovery sought does not involve harassment directed squarely at Plaintiff, it may be probative of whether Plaintiff experienced a hostile work environment while employed by Northwest Helicopters. *See, e.g.*, *Dominguez–Curry v. Nevada Transp. Dep't*, 424 F.3d 1027, 1036 (9th Cir. 2005) ("[T]he district court erroneously disregarded evidence of discriminatory comments that Stacey directed to *other* women in the division." (emphasis added)). Indeed, Plaintiff even complained that Mr. Phillips created a hostile work environment by allegedly harassing other women. Dkt. ## 46 at 7; 47-1 at 4. Evidence of hostility toward a protected class may be admissible, even if not directed at the plaintiff. *See McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1117 (9th Cir. 2004) ("[I]f . . . hostility pervades a workplace, a plaintiff may establish a violation of Title VII, even if such hostility was not directly targeted at the plaintiff."); *Heyne v. Caruso*, 69 F.3d 1475, 1479 (9th Cir. 1995); *EEOC v. Farmer Bros. Co.*, 31 F.3d 891, 897–98 (9th Cir. 1994) (acknowledging that an employer's harassment of employees other than the plaintiff can be relevant and admissible in a discriminatory discharge claim).

Moreover, the discovery sought could be relevant to whether Reynolds or Northwest Helicopters ignored complaints of harassment in the past, which could prove discriminatory intent or establish a "pattern or practice" of misconduct. *See Heyne*, 69 F.3d at 1479 ("It is clear that an employer's conduct tending to demonstrate hostility towards a certain group is both relevant and admissible where the employer's general hostility towards that group is the true reason behind firing an employee who is a member of that group."); *Farmer Bros.*, 31 F.3d at 897–98.

ORDER - 6

Defendants have identified several plausible arguments that some of the discovery to be produced may ultimately be inadmissible. Some of the requested information may, for example, prove unduly prejudicial, inflame the passions of a jury, or be inadmissible character evidence. But discovery is permitted so long as it is "reasonably calculated to lead to the discovery of admissible evidence." *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005). At this juncture, the Court is unwilling to block discovery: There is a reasonable possibility that the requested discovery will lead to admissible evidence. Once the requested information has been produced, Defendants may re-assert their evidentiary objections, which the Court will carefully review.

### III.

#### CONCLUSION

The Court (1) GRANTS in part and DENIES in part Plaintiff's motion and MODIFIES the subpoena at issue in the motion (Dkt. # 39) and (2) DENIES Defendants' motion for a protective order, to quash two subpoenas at issue in the motion, and to strike three production requests (Dkt. # 41).

Dated this 16th day of November, 2022.

John H. Chun
United States District Judge